[No. 4204.]

## NATHANIEL PRYOR *v.* MARY MADIGAN ET AL.

PLEADINGS IN EJECTMENT.—If the complaint in ejectment is in the usual form and avers that the plaintiff is the owner in fee of the demanded premises and has been ousted by the defendant, and the answer admits that the defendant is in possession, and avers that he owns the fee, and then proceeds to deraign his title from a sale of the demanded premises made by an administrator under an order of the Probate Court, the answer is not a denial of the plaintiff's ownership unless the title passed by the administrator's sale; and if the administrator's sale was void, the plaintiff's title is admitted by the answer.

APPEAL from the District Court, Seventeenth Judicial District, County of Los Angeles.

Ejectment to recover an undivided one-third of a tract of land in the city of Los Angeles, and bounded on the east by

Alameda street; on the north by Aliso street; on the west
by lands formerly owned and still in part owned by Manuel
Requena; that is to say, on the west by the eastern line of
the land now owned by the said Requena, and the exten-
sion of said eastern line to Aliso street, and on the south by
a plank fence standing on the line of land now occupied by
Paula Romero de Gaze; the said land being all that part of
the tract of land in said city and county, owned and occu-
pied by Nathaniel M. Pryor, deceased, at the time of his
death, that lies to the north of the land now occupied by
the said Paula Romero de Gaze. The demanded premises
were the north half of the vineyard mentioned in the will
of Nathaniel M. Pryor, the father of the plaintiff. A history
of the case is found in *Pryor* v. *Downey* (50 Cal. 388).
The plaintiff had judgment and the defendants appealed.

The other facts are stated in the opinion.

*A. Brunson,* for the Appellants.

*Glassell, Chapman & Smiths,* for the Respondent.

By the COURT:

By the stipulation of counsel it is agreed that as to a por-
tion of the premises in controversy the case stands in the
same category as the case of *Pryor* v. *Downey* (50 Cal. 388),
and is to abide the issue of the appeal in that case. The
judgment in that case having been affirmed, the judgment
in this as to that portion of the property, will also be
affirmed under the stipulation. And we think the judg-
ment as to the remainder of the property must likewise be
affirmed. The action is ejectment in the usual form, and
in the complaint the plaintiff avers that at a specified time
before the commencement of this action, he was the owner
in fee of said premises, and whilst so the owner and in pos-
session, was ousted by the defendants, who have ever since
withheld the possession. In the answer the defendants
admit the possession of a portion of the premises and dis-
claim title or possession as to the remainder. As to the
portion of which possession is admitted, the answer avers

that the defendants "hold said last-described premises and claim the fee of the same as the heirs at law of P. N. Madigan, deceased," and then proceeds to deraign the title of P. N. Madigan, under the sale made by Forster as administrator of Nathaniel M. Pryor, deceased, being the same sale which we held to be void in *Pryor* v. *Downey.* The averment that the defendants "claim the fee" as the heirs at law of Madigan, whose title they proceed to deraign under the administrator's sale, is only an averment that by means of that sale Madigan acquired the title, and is in no sense a denial that the plaintiff is the owner in fee, unless the title passed to Madigan under the sale of the administrator. In other words, there is no denial that the plaintiff is the owner in fee unless Madigan acquired the title at the administrator's sale, and as we hold the sale to be void, it results that the plaintiff's title is admitted by the answer.

Judgment affirmed.